USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/16/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WANDA MIMMS, Derivatively On
Behalf Of The AIG Incentive Saving
Plan,

                                        11 Civ. 30 (DAB)
            Plaintiff,             MEMORANDUM AND ORDER

      - against -

PRICEWATERHOUSECOOPERS, LLP,
RICHARD A. GROSIAK, ROBERT THOMAS,
KATHLEEN SHANNON, ROBERT COLE,
GARY REDDICK, HOWARD GREENE, DAVE
FIELDS, THE AIG RETIRMENT BOARD
and JOHN and JANE DOES 1 - 20,

           Defendant,

      - and -

THE AIG INCENTIVE SAVING PLAN,

           Nominal Defendant.

------------------------------------X
DEBORAH A. BATTS, United States District Judge.

     Plaintiff Wanda Mimms ("Mimms"), derivatively on behalf of the American International Group, Inc. ("AIG") Incentive Savings Plan (the "Plan"), brings the above-captioned action against the AIG Retirement Board alleging that its directors, Richard A. Grosiak, Robert Thomas, Kathleen Shannon, Robert Cole, Gary Reddick, Howard Greene, Dave Fields, and the AIG Retirement Board, and John and Jane Does 1 through 20 (collectively the

1

"Retirement Board"), breached their fiduciary duty to preserve and maintain the Plan's assets. Plaintiff also brings suit against PricewaterhouseCoopers, LLC ("PwC") claiming professional malpractice arising from PwC's allegedly negligent review and audit of AIG's financial statements from November 7, 2007 to September 16, 2008 (the "Relevant Period").

This matter is before the Court on Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed separately by Defendants PwC and the Retirement Board. For reasons detailed herein, Defendants' Motions to Dismiss are GRANTED.

I. FACTUAL BACKGROUND[1]

Plaintiff Mimms is a former AIG employee and was a participant of the Plan during the Relevant Period. (Am. Compl. ¶ 13.) The AIG Retirement Board is the named fiduciary of the Plan and is in charge of its administration. (Am. Compl. ¶ 15.) At all times during the Relevant Period, the Plan acquired and held shares of AIG common stock, which was included as one of the retirement saving options for participants in the Plan. (Am. Compl. ¶2.) When AIG's stock declined significantly in value in 2008, the Plan suffered substantial loss which resulted in a

---

[1] Since these Motions to Dismiss are filed pursuant to Fed. R. Civ. P. 12(b)(6), all Plaintiff's allegations are assumed to be true.

depletion of anticipated retirement income for the Plan's participants. (Am. Compl. ¶81.) Defendant PwC served as AIG's independent auditor during the Relevant Period and audited AIG's financial statements for fiscal year 2007. (Am. Compl. ¶ 14.)

On July 19, 2010, Plaintiff sent the Retirement Board a demand letter requesting that the Board brings suit against PwC for malpractice and/or negligence to recover Plan assets. (Am. Compl. Ex. A.) The Retirement Board hired independent outside counsel to consider Plaintiff's request. The Board considered the demand at a meeting on August 24, 2010, and after evaluating the legal merits as well as the opinion of independent outside counsel, decided not to bring suit against PwC. (Am. Compl. ¶17, Ex. B.) The Retirement Board also concluded that a negligence lawsuit against PwC would be superfluous given the action <u>In re American International Group, Inc. 2008 Securities Litigation</u>, No. 08 Civ. 04772 (LTS), currently pending before Judge Laura Taylor Swain, in which the Retirement Board and its participants are members of the putative plaintiff class and PwC is a defendant. (Am. Compl. Ex. B.) Plaintiff received notice of the Retirement Board's decision in a letter dated September 13, 2010. (Am. Compl. Ex. B.)

Plaintiff commenced this action on January 4, 2011, and filed an Amended Complaint on April 20, 2011. Plaintiff seeks monetary damages for her losses. (Am. Compl. at 36.) On July 6,

2011, the Retirement Board and PwC each filed Motions to Dismiss that are currently before the Court.

II. DISCUSSION

A. Standard for Motion to Dismiss under Rule 12(b)(6)

For a complaint to survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility," the Supreme Court has explained,

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-57 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (2007)(internal quotation marks omitted). "In keeping with these principles," the Supreme Court has stated,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth.
While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations.
When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950 (2009).

In ruling on a 12(b)(6) motion, a court may consider the complaint as well as "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." Zdenek Marek v. Old Navy (Apparel) Inc., 348 F. Supp.2d 275, 279 (S.D.N.Y. 2004) (citing Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (internal quotations omitted)).

B. Breach of Fiduciary Duty Claim Against the Retirement Board

Under ERISA Sections 502(a)(2) and 409(a), a participant in the Retirement Plan may bring a civil action against the Retirement Board for a breach of fiduciary duty. 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1109(a). Acting as a derivative on behalf of the AIG Retirement Savings Plan, Plaintiff alleges that the Retirement Board breached its fiduciary duty in failing to bring suit against PwC for malpractice and/or negligence.

To state a claim for breach of fiduciary duty, the Complaint must allege "1) that defendant was a fiduciary who, 2) was acting within his capacity as a fiduciary, and 3) breached his fiduciary

5

duty." In re Morgan Stanley ERISA Litig., 686 F. Supp. 345, 353 (S.D.N.Y. 2009). Defendant Retirement Board does not contest the first two elements, but contends it did not breach its fiduciary duty in deciding not to pursue legal action as requested by Plaintiff.

A breach of fiduciary duty is assessed under the "prudent man" standard of care. Chao v. Merion, 452 F.3d 174, 182 (2d Cir. 2006); Donovan v. Bierwirth, 680 F.2d 263, 271 (2d Cir. 2006). ERISA mandates that plan fiduciaries must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Fiduciaries are required to act "solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1).

When faced with a decision concerning the investment of the Plan's assets, a trustee is charged with making an independent inquiry into the merits of the investments, which includes an affirmative duty to seek independent counsel if the trustee does not possess the education, experience, and skill required to make a decision. Donovan, 680 F.2d at 272-73 (2d Cir. 2006). Assets include "any property, tangible or intangible, in which the plan has a beneficial ownership interest," considering "any contract

or other legal instrument involving the plan, as well as the actions and representations of the parties involved." In re Halpin, 566 F.3d 286, 289 (2d Cir. 2009). Here, the Retirement Board's decision not to file suit against PwC constitutes an investment decision to be evaluated against the "prudent man" standard. Moore v. Am. Fed'n of Television & Radio Artist, 216 F.3d 1236, 1245-46 (11th Cir. 2000)(recognizing decision to bring a lawsuit among fiduciaries' duties and evaluated under prudent man standard).

A trustee's refusal to file a suit to recover contributions allegedly due does not alone constitute a breach of fiduciary duty. Alfarone v. Bernie Wolff Const. Corp., 788 F.2d 76, 80 (2d Cir. 1986). Accordingly, Plaintiff must allege additional facts that indicate the Retirement Board breached its fiduciary duty in deciding not to sue PwC. In re Citigroup ERISA Litigation, No. 09-3804, 2011 WL 4950368, at *4 (2d Cir. Oct. 19, 2011)(discussing duties of prudence and loyalty as evaluators for fiduciary breach). Plaintiff fails to do so. Instead, Plaintiff's Complaint and Exhibits attached thereto indicate that, in response to Plaintiff's demand letter, the Retirement Board took the following actions: hired independent counsel specializing in ERISA and employee benefit litigation to assess the costs and benefits of such a lawsuit, convened a board meeting at which outside counsel presented its analysis and

answered questions, reviewed the fiduciary rules applicable under ERISA with independent counsel, considered their involvement as plaintiffs in a pending securities litigation lawsuit against PwC, and reviewed Plaintiff's claims, the factual background, and controlling law concerning malpractice claims against accountants. (Am. Compl. Ex. B.) The Board concluded that the potential claims against PwC did not have enough viability to justify an investment of Plan assets. (Id.)

The Board's actions indicate it "employed the appropriate methods to investigate the merits of the investment." Henry v. Champlain Enterprises, Inc., 445 F.3d 610, 618 (2d Cir. 2006)(citing Katsaros v. Cody, 744 F.2d 270, 279 (2d Cir. 1984) cert. denied sub. nom., Cody v. Donovan, 469 U.S. 1072 (1984)). The Board thus acted in accordance with the "prudent man" standard, beyond which ERISA imposes no "duty to take any particular course of action if another approach seems preferable." Wilkins v. Mason Tenders Dist. Council Pension Fund, 445 F.3d 572, 579 (2d Cir. 2006)(citing Diduck v. Kaszycki & Sons Contractors, Inc., 874 F.2d 912, 917 (2d Cir. 1989)).

Plaintiff attempts to discredit the Board's actions by questioning the independent counsel's expertise and alleging the Board's timeline of review was hasty. (Pl.'s Mem. Law at 16-18.) However, these allegations amount to "labels and conclusions" for

which Plaintiff provides no factual support. Twombly, 550 U.S. at 555 (2007).

Plaintiff's Complaint thus fails to state a claim for breach of fiduciary duty. Accordingly, this claim is DISMISSED in its entirety.

C. Professional Malpractice Claim Against PwC

Plaintiff alleges that Defendant PwC, who served as AIG's independent auditor during the relevant period, negligently reviewed and audited AIG's financial statements, amounting to professional malpractice. PwC responds by challenging Plaintiff's standing to bring a derivative suit against a non-fiduciary and by arguing that Plaintiff's state law based suit is preempted by ERISA.

"An ERISA plan participant's ability to bring a derivative suit on behalf of his or her plan must . . . be a function of ERISA law." Mehling v. New York Life Insurance Co., 413 F.Supp.2d 476, 480 (E.D.Pa 2005) (citing In re Sunrise Securities Litig., 916 F.2d 874, 879 (3d Cir. 1990). Under Section 502 of ERISA, beneficiaries or participants in the plan have statutory standing to file civil suits derivatively for particular relief, enumerated in 29 U.S.C. §1132(a) and ERISA §502(a). 29 U.S.C. §1132(a); See Lee v. Burkhart, 991 F.3d 1004, 1008 (2d Cir. 1993)(delineating the kinds of relief for which participants have

authorization to sue). The state law claims of professional malpractice that Plaintiff alleges in her second cause of action are not among the specified list outlined in 19 U.S.C. §1132(a), and ERISA thus does not provide a statutory basis for Plaintiff's standing to sue.

In addition to ERISA's "six carefully integrated civil enforcement provisions," federal courts have recognized additional means of enforcement based on principles developed in the law of trusts. Lee v. Burkhart, 991 F.3d at 1011 (2d Cir. 1993)(citing Firestone Tire and Rubber Co. V. Bruch, 489 U.S. 101, 110 (1989)). Specifically, courts recognize the right of beneficiaries to bring suits against non-fiduciaries, but only in instances where the fiduciary itself has breached its duty to the beneficiary, and the non-fiduciary is aware of the breach. See Harris Trust & Savs. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 246 (2000)("a nonfiduciary may be a proper defendant . . . only when the transferee . . . knew or should have known the existence of the trust and the circumstances that rendered the transfer in breach of the trust."); Mertens v. Hewitt Associates, 508 U.S. 248, 262 (1993)("a beneficiary could obtain damages from third person for knowing participation in a trustee's breach of fiduciary duties . . . "); Alfarone v. Bernie Wolff Const. Corp., 788 F.2d 76, 80 (2d Cir. 1986)(finding derivative actions against a third party only appropriate if plaintiff first establishes a

10

breach of the trustees' fiduciary duty); Struble v. New Jersey Brewery Employees' Welfare Trust Fund, 732 F.2d 325, 332 (3d Cir. 1984)("plaintiffs . . . will be entitled to a remedy if they can establish that the Employer Trustees breached their fiduciary duties . . . .").

Here, Plaintiff in her first cause of action has brought claims against trustee Retirement Board alleging it breached its fiduciary duty in failing to pursue legal action against non-fiduciary PwC. As explained supra, however, Plaintiff has failed to state a claim for breach of fiduciary duty. In absence of that breach, Plaintiff does not have standing to bring her derivative claims against non-fiduciary PwC for negligence and malpractice.

Neither the statute nor the common law of ERISA provides a right of action whereby Plaintiff can bring a derivative suit against a non-fiduciary for breaches of state law. Accordingly, Plaintiff lacks standing to pursue her derivative claims against PwC and they must be DISMISSED.[2]

D. Leave to Replead

When a complaint has been dismissed, permission to amend it

---

[2] Because the Plaintiff lacks standing to bring these derivative claims against PwC, the Court does not reach Defendant's pre-emption argument.

"shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, a court may dismiss without leave to amend when amendment would be "futile", or would not survive a motion to dismiss. Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003) (internal citations omitted), *rev'd on other grounds sub nom.* City of Sherrill v. Oneida Indian Nation of New York, 544 U.S. 197, 125 S.Ct. 1478, 161 L.Ed.2d 386 (2005). On the record before the Court, it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claims which would entitle her to relief. Because an amended complaint would not be able to survive a motion to dismiss, Plaintiff's Complaint is hereby dismissed without leave to replead.

## III. CONCLUSION

Plaintiff's Complaint, even when construed under the favorable 12(b)(6) standard, fails to state facts sufficient to claim that Defendant Retirement Board breached its fiduciary duty in deciding not to bring suit against PwC. Plaintiff lacks standing to bring derivative claims for malpractice and negligence against non-fiduciary PwC.

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED. Plaintiff's Amended Complaint is hereby DISMISSED,

without leave to replead. The Clerk of the Court is directed to close the docket in this case.

SO ORDERED.

DATED: February 16, 2012
New York, New York

Deborah A. Batts
United States District Judge